## McMILLAN *v.* BRANAN.

1. Under the pleadings in the case the court properly admitted evidence to sustain the defendant's contention that her signature to the instrument of which enforcement was sought in the suit for specific performance was obtained by fraud; and there was no error in submitting this issue to the jury.
2. The court did not err in overruling objections to testimony the admission of which constitutes the basis of the other grounds of the motion for a new trial.

No. 1518.    JANUARY 17, 1920.

Action for specific performance.    Before Judge Bell.    Fulton superior court.    March 5, 1919.    (See 147 *Ga.* 118.)

*A. E. Wilson, McMillan & Erwin,* and *I. H. Sutton,* for plaintiff. *Etheridge & Sams,* for defendant.

BECK, P. J.    R. L. McMillan brought a petition against Mrs. R. C. Branan.    The petition contained, among other prayers for equitable relief, a prayer for specific performance.    It was alleged that the parties had executed a written contract for the sale by the defendant of a certain tract of land consisting of 25 acres, in consideration of a stated sum of money and the transfer of a stock of goods and merchandise.    The defendant relied on fraud in the procurement of her signature to the contract as written, and fraudulent representations as to the character and value of the stock of merchandise.

1.    The answer of the defendant sets up that the agent of plaintiff drew the contract and handed it to her for her signature, but that, while she could read, she could not read the writing of the draughtsman (the agent), and he said he would read the contract to her, but he did not read it as it was written.    As read, the contract called for the conveyance of 22 acres of land, seven in one tract and fifteen in another, which was the true agreement, as it had been stipulated that she reserved three acres from the ten-acre tract.    There was evidence to sustain the contention of the defendant upon this issue, and it was controverted by the

47

evidence for the plaintiff. The court properly submitted to the jury the question of fraud made by the conflict in the evidence. The fact that the defendant could read did not bar the defense here set up. If as a matter of fact she could not read the instrument as written by the agent of the plaintiff, and if the agent, when she stated she could not read it, agreed to read it to her and pretended to do so, but in reading he so varied the terms of the writing that as read orally the writing varied materially from the oral reading, a fraud was practiced which the defendant could set up as a defense to the enforcement of the writing.

2. The question of the character and value of the stock of merchandise which constituted a part of the consideration for the contract for the conveyance of the land became material under the issue made in the pleadings; and it was competent to show what the stock brought at a receiver's sale made a short time after the date of the contract. This being true, it would seem to follow that evidence of the manner and extent of the advertising of the stock before the sale was actually had would necessarily be material.

*Judgment affirmed. All the Justices concur.*